**IN THE UNITED STATES BANKRUPTCY COURT**
**FOR THE DISTRICT OF MARYLAND**
**AT GREENBELT**

| | |
|---|---|
| In Re: ) | |
| **ELSIE SHANTA SHARP** ) | Case No.  16-12368   TJC |
| ) | Chapter   13 |
| **Debtor.** ) | |
| _____ ) | |
| | |
| **ELSIE SHANTA SHARP** ) | |
| **Plaintiff**, ) | |
| v. ) | Adversary 16- _____ |
| **FEDERAL NATIONAL MORTGAGE** ) | |
| **ASSOCIATION** ) | |
| **Defendant.** ) | |

**PLAINTIFFS' ADVERSARY COMPLAINT TO DETERMINE THE EXTENT AND VALIDITY OF INTEREST IN REAL PROPERTY**

COMES NOW the Plaintiff/Debtor, Elsie Shanta Sharp, by and through counsel, hereby files this Adversary Complaint to Determine the Nature and Validity of Owner's Interest in Real Property, located at 14110 Kydan Court, Brandywine, Md.  20763, and states as follows:

**NATURE OF THE CASE**

1. Plaintiff/Debtor Elsie Sharp ("Sharp") brings this action in to determine the extent and validity of  Plaintiff's interest in real property. On July 17, 2007,  Plaintiff  Sharp purchased her home with a Note/ Mortgage in favor of Chesapeake Home Mortgage, LLC ("CHM").   The Mortgage named Mortgage Electronic Registration Systems ("MERS")  was named as nominee for CHM and its successors and assigns. CHM never negotiated the Note to another party

**THE PARTIES**

2.  Elsie Shanta Sharp is the debtor in the underlying bankruptcy, and holds equitable  title in fee simple to the real property known as 14110 Kydan Court, Brandywine, Md. 20613 (the "Subject Property").  Ms. Sharp is in possession of the Subject Property.

3. Defendant Federal National Mortgage Association ("FNMA"), is a national banking association , with its current headquarters and principal place of business in Washington, DC, and conducts business in the State of Maryland.  FNMA was the successful bid purchaser at the Nov. 18, 2014 Sale and therefore claims equitable title in the subject property.

## JURISDICTION

4. This Adversary Proceeding is being brought pursuant to Part VII of the Federal Rules of Bankruptcy Procedure. This Adversary Proceeding shall serve as Ms. Sharp's objection to Defendant's suggestion of ownership of the subject property, in accordance with Fed.R.Bankr.P. Rule 3007.  Ms. Sharp's request for relief includes a determination of the nature and validity of Defendant  FNMA's purported interest in the Subject Property. Therefore this objection to interest  is in the form of an Adversary Proceeding, pursuant to Fed.R.Bankr.P. Rule 7001.

## FACTS

5. On July 17, 2007, Elsie Sharp, purchased the Subject Property with a promissory note (the "Note") secured by a mortgage (the "Mortgage"), both in favor of CHM.

6.  On January 1, 2013, a Substitution of Trustee was recorded in the official records for Prince Georges County, Md, for the subject property.   During  mid 2014,  Ms. Sharp experienced financial difficulties and became behind on her mortgage payments.

7. On September 2, 2014, Ms. Sharp filed for bankruptcy relief under chapter 13 of the United States Bankruptcy Code., No. 14-23667, which was dismissed for failure to complete the required filings on November 5, 2014.

8.  On Nov. 18, 2014, Plaintiff refiled for bankruptcy relief under Chapter 13, No. 14-27705.

9.  Interestingly, also on November 18, 2014,  CHM thru substitute trustees, conducted a sale of the property, alleging that Plaintiff  had no interest in the Subject Property.  At the time of the

Trustees sale of the subject property, and at all times since, Plaintiff has repeatedly asserted the fact that : 1) Defendants did not possess a properly executed original Note, and 2) Defendant's lacked the capacity to indorse the subject Note, thus lack the standing to enforce the Note.

10.   In spite of the fact that Plaintiff filed a Chapter 13 bankruptcy on November 18, 2014, the same day of the purported Trustee Sale, [see Exhibits A – C attached hereto]; on May 22, 2015, the Circuit Court for Prince Georges County, Md entered an Order Ratifying the Sale ("the Ratification Order")  purportedly validating the foreclosure sale.

11.   On June 10, 2015, the Substitute Trustee's  deed was filed, and it was recorded with Prince Georges County on June 19, 2015.  See Exhibit D.

12.   Plaintiff submits the Ratification Order is void and/or at the very least, voidable due to the fact that she filed her No. 14-27705 Case on November 18, 2014, prior to Trustee's sale of the subject property, also on November 18, 2014.

13.   On February 2, 2016, the Auditor's Report was filed in Prince Georges County, Md.

14. On Feb. 26,2016,  Ms. Sharp, pro se,  filed the instant petition for relief under Chapter 13 of the US Bankruptcy Code as Case No. 16-12368.   Mr. Sharp's original proposed plan does account for a debt with Defendant  FNMA.

15.. Defendant contends that "because Debtor did not file the Petition in this case until after the Property was sold [to FNMA] and the Ratification order was entered, the property is not part of the bankruptcy estate; citing Scott v. Bierman, 429 Fed. Appx 225, 231 (4th Cir. 20110.  We disagree, and submit that the No. 14-27705 Bankruptcy was filed before the Trustee sale.

16.   Plaintiff reiterates that Trustees commenced the foreclosure action by stating erroneously that it possessed the original Note to the subject property, thus Trustees,  non –holders were without possession to enforce the Note.  See Anderson v. Burson, 35 A.3d. 452, 461(Md. 2011).

## ARGUMENT

17. Under 11 U.S.C. § 502(b), when an "objection to an interest or a claim is made, the court . . . shall determine the interest . . . and shall allow such interest in such amount, except to the extent that – (1) such interest is unenforceable against the debtor and the property of the debtor . .

18. Whether or not FNMA's purported property interest is enforceable against Debtor depends on whether or not FNMA is entitled to enforce the Note. According to Defendant FNMA's own documents, this is at least a question that remains unanswered regarding the timing of the Trustee's sale and the filing of the No. 14-27705 Bankruptcy, so as to violate 11USC 362.

19. Defendant FNMA can't show its authority to enforce the Note, and therefore authority to enforce the Mortgage. Defendant FNMA has not presented the Court with documents attesting to the chain of title, endorsement, nor original the Note in its filings. Upon information, opinion and belief, the Note that is herein reference is unendorsed, and is a promise to pay CHM. If the original Note is unendorsed, then Defendant FNMA has absolutely no connection to it.

20. It is well known that the Mortgage follows the Note, and not the other way around. This means that even assuming *arguendo* that the Mortgage was properly assigned to Defendant FNMA (which Debtor submits it was not), Defendant FNMA has no right to enforce the Mortgage unless it holds and can enforce the Note. Thus, if Defendant FNMA did not hold the Note, prior to foreclosure sale, its claim against Ms. Sharp is unenforceable.

21. Whether or not Defendant FNMA or its successors held the original Note bearing the necessary endorsements is a question of fact. Furthermore, the timing of the endorsements is of the utmost significance. Because the purported endorsements are all from successors of CHM, they cannot be genuine if they were made at a time after CHM failed.

22. As stated above, the mortgage follows the original Note. Although MERS, in the Assignment, states that it transferred the Note to Defendant FNMA along with the Mortgage, it has not submitted any proof thereof. The Note is a negotiable instrument and can only be transferred by endorsement. As stated, whether the Note was negotiated is a disputed question of fact.

## CONCLUSION

WHEREFORE, , the Debtor respectfully request the its interest be validated.

**VERIFICATION**
I have Read, Verified and agree with the above statement and state that the facts presented are true to the best of my ability.


 _/s/ Elsie Shanta Sharp_____
Elsie Shanta Sharp

                      Respectfully submitted,

                        __/s/ Randy McRae_____
                      Randy McRae  #430494
                      3178 Bladensburg Rd, N.E., PO Box 41216
                      Washington, D.C.  20018
                      (202) 421-7983
                      Attorneys for Debtor


## CERTIFICATE OF SERVICE

I hereby certify that on the  _27th_  day of  May,  2016, the foregoing Adversary Complaint was electronically mailed to  Nancy Spencer Grigsby,  Esq. - Trustee, 4201 Mitchellville, Road, Ste. 401, Bowie, MD.  20716, and Daniel Callaghan, Esq. 6003 Executive Blvd. Suite 101, Rockville, Md. 20852

.
                        __/s/__ Randy McRae_____
                      Randy McRae